# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| In the Matter of the Visits of A.R.W., | No. 56066-6-II |
| Minor child, | |
| TAMARA MAY SWEREN, | |
| Appellant, | UNPUBLISHED OPINION |
| v. | |
| SEAN MICHAEL WEHNERT, | |
| Respondent, | |
| JORDAN MARIE DELAPLANE, | |
| Defendant. | |

GLASGOW, C.J.—Tamara May Sweren filed a petition for nonparental visitation with her granddaughter, ARW. The trial court ordered dismissal of her petition without a hearing after concluding that she had failed to provide sufficient evidence to show that a decision to deny visitation would cause a likelihood of harm or a substantial risk of harm to ARW. Sweren argues that the trial court erred by dismissing her petition for visitation. We disagree and affirm.

## FACTS

ARW is a six year old who was born addicted to opiates due to her mother's substance abuse during pregnancy. After ARW was born in 2015, she and her parents, Sean Michael Wehnert

and Jordan Marie Delaplane, lived in Sweren's home. In 2016, Wehnert and ARW moved out of the home after discovering Delaplane was using drugs again.

In the custody case that followed, Wehnert was granted full custody of ARW. The final parenting plan called for no contact between Delaplane and ARW until Delaplane could demonstrate an extended period of sobriety, employment, and stability. The parenting plan further identified Sweren's home as inappropriate housing for Delaplane and restricted Sweren from driving ARW "because of her long term DUI history." Clerk's Papers (CP) at 86. Following the custody case, Wehnert permitted Delaplane's grandparents to visit ARW, and they occasionally took ARW to visit Sweren. Sweren intermittently joined Wehnert's family for holidays and ARW's birthday parties. After Sweren's interactions with Wehnert and his girlfriend became increasingly tense over disagreements about spending time with ARW and how to tell her about Delaplane, and as concerns about Sweren's alcohol use grew, Wehnert decided to limit Sweren's interactions with ARW.

In 2020, Sweren filed a petition for visitation with ARW. Sweren emphasized the significant emotional relationship between herself and ARW, explaining that she had set up a bank account for ARW and provided ARW her own bedroom at her house. Sweren expressed concern about ARW living with Wehnert and sharing a bedroom with Wehnert's girlfriend's young sons.

Wehnert and Delaplane both opposed Sweren's petition for visitation. In her declaration, Delaplane opposed Sweren having supervised or unsupervised visits with ARW on account of Sweren's alcohol dependency and volatile behavior.

After reviewing the petition and multiple declarations submitted by both parties, the trial court entered an order dismissing Sweren's petition for visitation, concluding that Sweren failed

to show that it was more likely than not that her petition would be granted. The trial court found that Sweren had presented insufficient evidence to show that a decision to deny visitation would cause a likelihood of harm or a substantial risk of harm to ARW. The court explained, "It is not lost on the Court that there may potentially be the loss of a familial relationship between the child and the Petitioner and possibly other family members as well. While this could potentially be unfortunate, the case law does not support this as being harm or substantial risk of harm." CP at 215.

Sweren appeals.

## ANALYSIS

### I. NONPARENTAL VISITATION

Sweren argues that the trial court erred by finding that she did not present evidence of a substantial risk of harm to ARW sufficient to warrant a hearing. We disagree.

We review a trial court's decision on a petition for nonparental visitation for an abuse of discretion. *In re Visits with R.V.*, 14 Wn. App. 2d 211, 221, 470 P.3d 531 (2020). "'A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons.'" *Id.* (quoting *In re Custody of L.M.S.*, 187 Wn.2d 567, 574, 387 P.3d 707 (2017)).

It is well established that parents have a fundamental right to make decisions concerning the rearing of their children, including the right to make decisions about visitation with grandparents. *Troxel v. Granville*, 530 U.S. 57, 69-70, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000). Washington's nonparental visitation statute begins with a presumption that "a fit parent's decision to deny visitation is in the best interest of the child and does not create a likelihood of harm or a

substantial risk of harm to the child." RCW 26.11.040(2). A petitioner must rebut this presumption with "clear and convincing evidence that the child would likely suffer harm or the substantial risk of harm if visitation between the petitioner and the child were not granted." RCW 26.11.040(3). Only if the petitioner successfully rebuts this presumption does a court consider whether visitation is in the best interest of the child. RCW 26.11.040(4).

It is not enough to argue that the custodial parent is causing harm. The harm a petitioner must allege and substantiate is harm that the child will suffer if visitation is not granted. *In re Visits with A.S.A.*, 21 Wn. App. 2d 474, 482, 507 P.3d 28 (2022). Stated another way, a petitioner must show that "continued contact with the nonparent is necessary to prevent the harm alleged." *Id*. "Demonstrating harm from the denial of visitation should focus on the relationship between the petitioner and the child and the harm that will come to the child if they are denied contact with the petitioner." *Id*. The petitioner must support the petition with an affidavit setting forth "'specific facts'" that establish visitation is warranted. *R.V.*, 14 Wn. App. 2d at 219; RCW 26.11.030(5), (6). The trial court does not hold an evidentiary hearing unless it finds it is more likely than not the petition will be granted, even if there are disputed facts in the record. *R.V.*, 14 Wn. App. 2d at 222; RCW 26.11.030(8).

It is undisputed that Wehnert is a fit parent. As such, under RCW 26.11.040(2), we presume that Wehnert's decision to deny visitation is in ARW's best interest and does not harm or create a substantial risk of harm to her. Accordingly, Sweren must show more than just a loving relationship with ARW—she must make a threshold showing of clear and convincing evidence that ARW would suffer harm or the substantial risk of harm if the trial court did not order visitation. Sweren fails to do so.

In her petition, Sweren primarily focused on her relationship with ARW and critiques of Wehnert's parenting decisions. But these issues are not the focus of the nonparental child visitation statute. The only allegation of potential harm in Sweren's petition is her concern that ARW shares a bedroom with Wehnert's girlfriend's young sons and a vague reference to Wehnert being violent with Delaplane during her pregnancy. These contentions lack specifics, but more importantly they do not amount to an allegation that denying Sweren visitation will cause ARW harm.

Accordingly, we hold that the trial court did not abuse its discretion by finding that Sweren failed to set forth facts sufficient to meet a threshold showing that she was likely to prevail on her petition for nonparental visitation.

## II. ATTORNEY FEES ON APPEAL

Wehnert requests attorney fees under RCW 26.11.050(1)(a) and RAP 18.9.

RAP 18.1(a) states that a party may recover "reasonable attorney fees or expenses on review" if "applicable law grants to [the] party the right to recover" such fees or expenses. Under RCW 26.11.050(1)(a), the court shall order the petitioner to pay respondent's attorney fees before a hearing unless the financial resources of the parties make such an award unjust. *R.V.*, 14 Wn. App. 2d at 228.

An award of attorney fees under RCW 26.11.050(1)(a) requires consideration of the parties' financial resources. Wehnert submitted a financial affidavit and Sweren did not. Considering the circumstances of the case as well as the evidence provided about financial resources, we conclude that an award of attorney fees to Wehnert would not be unjust under RCW 26.11.050(1)(a). Accordingly, we award Wehnert attorney fees on appeal in an amount to be determined by a commissioner of this court.

No. 56066-6-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Cruser, J.

Veljacic, J.